UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ESTATE OF WAVIE LUSTER, By and Through it Personal Representative, RICK GIKAS )<br><br>Plaintiff )<br><br>vs. )<br><br>ALLSTATE INSURANCE COMPANY )<br><br>Defendant ) | CAUSE NO. 2:07-CV-226 RM |

OPINION AND ORDER

The court has the obligation to inquire into its own subject matter jurisdiction. *See* Tylka v. Gerber Prods. Co., 211 F.3d 445, 447-448 (7th Cir. 2000). The defendant removes this case on diversity grounds, but its notice of removal doesn't sufficiently allege complete diversity of citizenship. The notice alleges that "Plaintiff, Luster, is an Estate pending in the Lake Circuit Court under Cause Number 45C01-0605-ES-155 with its lawsuit being brought by Personal Representative, Rick Gikas, residing in Indiana." This doesn't suffice. Residency is not the same under the law as citizenship, *see* Simon v. Allstate Employee Group Medical Plan, 263 F.3d 656, 658 n. 1 (7th Cir. 2001) (citations omitted) ("An allegation of residency, however, is insufficient to establish diversity jurisdiction."), and "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ." 28 U.S.C. § 1332 (c)(2).

While the notice of removal sets forth the basis of removal, it doesn't incorporate evidence as to citizenship, so the court affords the defendant twenty days from the date of this order within which to file an amended notice of removal alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1653; Tylka v. Gerber Products Co., 211 F.3d at 448.

SO ORDERED.

ENTERED:   July 16, 2007

                /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court